Filed 1/14/21  P. v. Salinas CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B306475 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA077370-03) |
| v. | |
| ALONDRA SALINAS, | |
| Defendant and Appellant. | |

THE COURT:

Alondra Salinas (defendant) appeals the trial court's denial of her motion for relief under Penal Code section 1170.95.[1]  We dismiss this appeal as abandoned.

---

[1]   All further statutory references are to the Penal Code unless otherwise indicated.

## FACTS AND PROCEDURAL BACKGROUND

I. **Facts**[2]

### A. *The underlying crime*

In June 2013, defendant was romantically involved with Kimberly Garcia (Garcia). Garcia's brother had recently been killed, and Garcia believed that Manuel Haro (Haro) and James Posey (Posey) had been involved in his killing. Garcia shared her belief with the "older homies" in her deceased brother's gang, and those "older homies" tasked Miguel Esquivias with "handl[ing]" the issue by killing Haro and Posey. Defendant was aware of the gang-sanctioned "hit," and reassured Garcia in a text message that "[w]e will make [Haro and Posey] pay for everything they did . . . [a]nd ima [sic] be by your side the whole time." On June 11, 2013, defendant and Garcia drove Esquivias to where Haro was hanging out and after Esquivias put several fatal bullets in Haro's chest, drove Esquivias from the scene of the killing. Just over a week later, defendant, Garcia and Esquivias bragged that they had killed Haro and were "going to come and kill" Posey.

### B. *Prosecution, conviction and appeal*

The People charged Esquivias, Garcia, and defendant with Haro's murder (§ 187, subd. (a)), and alleged firearm and gang enhancements (§§ 12022.53, subd. (d), 186.22, subd. (b)).[3] Because defendant was not the shooter, the trial court instructed the jury that the defendant was liable for murder only if she

---

**2** We draw these facts from our prior, unpublished appellate opinion affirming defendant's conviction. (*People v. Esquivias* (July 26, 2017, B268972) [nonpub. opn.].)

**3** The People also charged defendant with other counts not relevant to the issue before us.

2

directly aided and abetted Esquivias in murdering Haro; the court did *not* instruct the jury on the natural and probable consequences or felony-murder theories. The jury found defendant guilty of second degree murder and found the gang and firearm enhancements to be true. The trial court sentenced defendant to prison for 40 years to life, comprised of a 15-year-to-life base term for the second degree murder, plus a 25-year-to-life firearm enhancement.

Defendant appealed her conviction and argued, among other things, the evidence was insufficient to support her conviction for aiding and abetting Esquivias and Garcia in committing Haro's murder. We rejected defendant's arguments and affirmed the conviction in an unpublished opinion.

II.   **Procedural Background**

On April 24, 2019, defendant filed a petition seeking resentencing under section 1170.95. In the form petition, defendant checked the boxes for the allegations that she had been charged with murder, that she was convicted "pursuant to [the] felony murder rule [or] the natural and probable consequences doctrine," and that her murder conviction would be invalid under the "changes made to Penal Code §§ 188 and 189, effective January 1, 2019." She also requested the appointment of counsel.

The People filed a response, arguing defendant did not qualify for relief under the amended statute as she was not convicted under a felony-murder or natural and probable consequences theory, and also argued that section 1170.95 was unconstitutional. Defendant filed a reply, arguing that she was not a "significant aider and abett[or]" in Haro's killing. In a Memorandum of Decision filed on June 5, 2020, the superior court denied defendant's petition on the ground that defendant

3

was not convicted under a theory of felony murder or as an aider and abettor under a natural and probable consequences theory but as a direct aider and abettor, rendering her "ineligible for relief under" section 1170.95.

Defendant filed this timely appeal.

## DISCUSSION

Defendant's appointed counsel filed an "Opening Brief" in which no arguable issues are raised, and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Because defendant appeals from an order denying post-conviction relief, the procedural protections established in *Wende* do not apply. (*People v. Cole* (2020) 52 Cal.App.5th 1023 (*Cole*) review granted Oct. 14, 2020, S264278.) In *Cole*, we recently held that in a criminal appeal from a post-conviction order to which *Wende* does not apply, after reviewing the record and researching the law, counsel who find no arguable issues are required to "file a brief with the Court of Appeal setting forth (1) a brief statement of the pertinent procedural history of the case, (2) a brief summary of the pertinent facts, (3) counsel's declaration that there are no reasonably arguable issues to present on appeal, and (4) counsel's affirmation that he or she remains ready to brief any issues at the request of the Court of Appeal." (*Cole*, at p. 1038.) Counsel in this case fulfilled these requirements.

Next, we explained that counsel and this court must notify defendant of her right to file a brief on her own behalf. (*Cole*, *supra*, 52 Cal.App.5th at p. 1039.) Both counsel and this court did so.

Lastly, we explained that if the defendant does not file a

4

supplemental brief, the Court of Appeal may dismiss the appeal as abandoned because "the order appealed from is presumed to be correct" (*Cole, supra*, 52 Cal.App.5th at p. 1039), and "in the absence of any arguments to the contrary, ineluctably leads to the conclusion that the appellant has not carried his or her burden of proving otherwise." (*Id.* at p. 1040.)

Defendant did not file a supplemental brief. In accordance with the procedures articulated above, we dismiss this appeal as abandoned.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

ASHMANN-GERST, Acting P. J., CHAVEZ, J., HOFFSTADT, J.

5